# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
### AT MEMPHIS

| | |
|---|---|
| ROCKET TITLE INSURANCE COMPANY, | ) |
| Plaintiff, | )  No. 2:26-cv-2098 |
| v. | ) |
| THE UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Rocket Title Insurance Company ("Rocket Title") brings this action against Defendant the United States of America ("Defendant" or "United States") and in support of its cause of action respectfully shows unto the Court as follows:

### PARTIES AND JURISDICTION

1.  Plaintiff Rocket Title Insurance Company is a corporation organized under the laws of the State of Texas. Rocket Title's primary place of business is located at 662 Woodward Avenue, Detroit, Michigan, 48226.

2.  Defendant the United States of America is a body politic, which, for purposes of this litigation, operates through its executive branch, an agency of government known as the Internal Revenue Service ("IRS"), located at 1111 Constitution Avenue, Washington, District of Columbia 20224.

3.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(e)(1)(B), because the real property at issue, 4772 Gwynne Road, Memphis, Tennessee 38117-3210 (the "Property") is situated in this judicial district.

4.     Rocket Title brings this action pursuant to 26 U.S.C. § 6323 and is asking this Court for a declaration of lien priority on the Property.

5.     Rocket Title has standing to bring this lawsuit on behalf of its former insured, Rocket Mortgage, LLC ("Rocket Mortgage"), which was the former mortgagee on the Property. Pursuant to a title insurance policy between Rocket Title and Rocket Mortgage, Rocket Title was and is contractually obligated to indemnify Rocket Mortgage for any issues with title. The Property has been sold to new buyers, William and Jordan Huntze Walker (the "Walkers"), and Rocket Title has agreed to bring a claim to address this title issue on their behalf and on behalf of the Walkers' new lender, Pinnacle Bank, pursuant to a Letter of Intent issued by Rocket Title and dated September 30, 2025.

## FACTUAL ALLEGATIONS

6.     The Property is located 4772 Gwynne Road, Memphis, Tennessee 38117-3210.

7.     In or about January 2023, Norma Shelton Gilliland and Elizabeth Holland Rachels-Gilliland refinanced a mortgage on the Property with Rocket Mortgage as mortgagee.

8.     As part of the refinance, Rocket Mortgage, through Rocket Close as agent for Rocket Title, conducted a diligent title search for any liens associated with the names "Norma S. Gilliland (Gilland)" and "Elizabeth (Beth) H. Rachels-Gilliland."

9.     There were no liens listed under Norma Gilliland's name besides the then-current mortgage on the Property through First Tennessee Bank National Association ("First Bank"), which Rocket Mortgage was refinancing. The Deed of Trust securing First Bank's mortgage identified the owner of the Property as "Norma S. Gilliland." A copy of the First Bank Deed of Trust is attached as **Exhibit A**.

10. Based on the results of the title search, and all other representations made by Norma S. Gilliland and Elizabeth Holland Rachels-Gilliland, Rocket Mortgage refinanced the mortgage on the Property, and Rocket Title provided a lender's policy of title insurance to Rocket Mortgage.

11. Unbeknownst to Rocket Mortgage and Rocket Title, and despite their due diligence in conducting an appropriate title search, there was another lien recorded against the Property.

12. On September 9, 2019, the IRS filed a *Notice of Federal Tax Lien* ("Tax Lien") on the Property. A copy of the Tax Lien is attached as **Exhibit B**.

13. The Tax Lien is against an individual named "Norma G. Buck."

14. Neither Rocket Mortgage nor Rocket Title had actual or constructive knowledge that Norma Gilliland ever went by the name Norma G. Buck at the time Rocket Mortgage refinanced the Property.

15. However, the IRS knew, or reasonably should have known, that Norma's last name was "Gilliland."

16. Upon information and belief, Norma Gilliland filed tax documents with the IRS both before and after November 26, 2018, indicating her proper last name.

17. Regardless, both federal and state issued documents reflect that the owner of 4772 Gwynne Road, Memphis, Tennessee 38117 was and is "Norma Gilliland" and not "Norma Buck."

18. The United States government also issued a passport to a "Norma Shelton Gilliland," which was issued on February 19, 2016, and which expires on February 18, 2026. A copy of the passport is attached as **Exhibit C**.

19. The State of Tennessee also issued a driver's license to a "Norma S. Gilliland" with an address of 4772 Gwynne Road, Memphis, Tennessee 38117 and an expiration date of June 28, 2024. A copy of the driver's license is attached as **Exhibit C**.

HOU 4850044.1

20. Therefore, upon information and belief, Norma's legal name, as recognized by both the United States of America and the State of Tennessee, was "Norma S. Gilliland," not "Norma G. Buck."

21. Both Norma S. Gilliland and Elizabeth Holland Rachels-Gilliland are now deceased.

## CAUSE OF ACTION

## DECLARATORY JUDGMENT

22. Plaintiff realleges and incorporates the allegations of all prior paragraphs as if fully set forth herein.

23. Pursuant to the title policy Rocket Title issued to Rocket Mortgage and the Letter of Intent dated September 30, 2025[1], Rocket Title has standing to bring an action on behalf of Rocket Mortgage, as its insured; the Walkers, as the new property owners; and Pinnacle Bank, as the Walkers' lender, to challenge the priority and/or enforceability of the IRS' lien.

24. There is a substantial controversy between the parties, and they have adverse legal interests of sufficient immediacy and reality to warrant the issue of a declaratory judgment.

25. Under 26 U.S.C. § 6323(b)(1)(B), even when a notice of lien imposed by section 6321 has been filed, the lien is not valid "against a holder of a security interest in such security who, at the time such interest came into existence, did not have actual notice of knowledge of the existence of such lien."

---

[1] A true and accurate copy of the Letter of Intent is attached hereto as **Exhibit D**

HOU 4850044.1

26. At the time Rocket Mortgage refinanced the Property, neither Rocket Mortgage nor Rocket Title had actual or constructive notice that the IRS had filed a lien on the Property against "Norma G. Buck."

27. The IRS failed to properly identify the correct/legal taxpayer in its lien.

28. The mistake in the taxpayer's name is not a minor error.

29. A declaratory action would settle this controversy between the parties, specifically which entity has lien priority on the Property and/or whether the IRS' purported lien is enforceable and/or whether it is partially or fully subrogated to Rocket Mortgage's lien.

30. For this same reason, a declaratory action would serve a useful purpose in clarifying the legal relations at issue.

31. A declaratory remedy is not being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata." Rather, the purpose of the declaratory judgment is to determine the legal interests of the parties.

32. A declaratory action would not increase friction between federal and state courts, because the basis of the action is a federal question of law.

33. There is no alternative remedy which is better or more effective.

34. Based on the foregoing, Rocket Title, on behalf of Rocket Mortgage, is entitled to a declaratory judgment that Rocket Mortgage's lien takes first priority on the Property and/or that the IRS lien is of no force or effect against the Property.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a bench trial of this cause and prays for a determination of the following:

(i) That proper process issue and be served upon Defendant;

(ii) Declaratory relief as set forth above;

(iii) That Plaintiff be awarded attorneys' fees and costs as permitted by law;

(iv) That Plaintiff be awarded court costs, including discretionary costs; and

(v) That Plaintiff be awarded such other and further relief as this Court deems necessary to effectuate justice.

Respectfully submitted,

**SPENCER FANE, LLP**

*/s/ Bethany M. Stewart*
Courtney Lutz Creal (BPR No. 034330)[2]
Bethany M. Stewart (BPR No. 038594)
511 Union Street, Suite 1000
Nashville, Tennessee 37219
(615) 238-6300 (Telephone)
(615) 238-6301 (Facsimile)
ccreal@spencerfane.com
bstewart@spencerfane.com

*Attorneys for Plaintiff*

---

[2] Admission to the United States District Court for the Western District of Tennessee pending.

HOU 4850044.1